HECTOR P. FALCON vs. CHARLES J. MATHEWS.

MARCH 29, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Bills and Notes. Alteration.*

Defendant to protect plaintiff from loss arising from endorsement by plaintiff of note of a third party signed an instrument agreeing "to be responsible for the note of $350 payable to the X. Bank, signed by Z. and endorsed by (plaintiff)".

The note was not in existence when the agreement was signed.

At request of bank the note was made payable to plaintiff and endorsed by him, and discounted by bank:—

*Held,* that whether the note was payable to the bank as payee or endorsee was a matter of form rather than substance, and plaintiff having been obliged to pay the note on default of maker, defendant was liable under the agreement.

ASSUMPSIT. Heard on exceptions of plaintiff and sustained.

RATHBUN, J. This is an action for breach of contract. The trial in the Superior Court resulted in a direction of a verdict for the defendant and the case is before us on the plaintiff's exception to such direction and to the exclusion of testimony.

It appears that one Edgar J. Dillon desired that the plaintiff become an accommodation endorser on Dillon's note to enable him to secure a loan from the Union Trust Company, a banking institution. The defendant, to protect the plaintiff from loss arising from such endorsement, signed an instrument as follows: "City of Providence State of Rhode Island January 4, 1922. I Charles J.

Mathews the undersigned do hereby agree to be responsible for the note of Three Hundred Fifty Dollars '($350.00) payable to the Union Trust Co.    Signed by Edgar J. Dillon and endorsed by Hector P. Falcon.

If said Edgar J. Dillon fails to meet said note when due, I agree to pay to the order of Hector P. Falcon the full Payment of Three Hundred Fifty Dollars ($350.00).

Signed  .  .  .Charles J. Mathews.

Witness

 Arthur H. La Flamme.''

On the same day Dillon went to the Trust Company to obtain a note, that he might take it to the plaintiff for his endorsement, and was told that it would be necessary for the plaintiff to come to the bank.    In response to a message by telephone the plaintiff came to the bank and the loan was obtained.    The note was made by Dillon but was not made payable to the bank, as payee, and endorsed by the plaintiff, but was made payable to the plaintiff and endorsed by him, so that it was payable to the bank not as payee but as endorsee.    The face of the note was as follows:    "Providence, R. I., January 4, 1922.    Four months after date I promise to pay to the order of Hector P. Falcon Three Hundred and Fifty Dollars at Union Trust Company. Value Received, Edgar J. Dillon, 83 Summer St''.    Dillon failed to pay the note when due and the amount was deducted from the plaintiff's account.    The defendant refused to indemnify the plaintiff and he brought this suit on the contract.    The trial justice ruled that there was a material variance between the condition on which the defendant agreed to be bound and the act performed by the plaintiff. The instrument signed by the defendant amounted to a promise on his part to be bound when the plaintiff complied with the conditions, that is, obtained the money from the bank for Dillon as specified in the defendant's promise.

We think the view of the trial justice of the understanding between the parties, as evidenced by the writing before us, was too narrow and technical in passing upon a com-

mercial transaction of this nature. We, of course, recognize the rule that a person has the absolute right to specify the terms and conditions upon which he agrees to be bound and that he is not bound if there is any material variance between the conditions imposed by him and the acts performed by the promissee.

The note was not in existence when the writing was signed and it appears from said writing that what the defendant desired was that Dillon obtain on his note, endorsed by the plaintiff, a loan from the bank; and that is exactly what was accomplished. Whether the note be payable to the bank as payee or endorsee is a matter of form rather than substance. The rights and obligations of the defendant would be the same whether one form or the other was adopted. He would not be entitled to notice in either event. In *Keith* v. *Goodwin*, 31 Vt. 268, the court said: "The name of the person to whom the note is payable is mere form. It is understood that it is going into the market as money, and in exchange for money, to any party who will make the discount." Substantially the same question has frequently arisen where a surety, who has become such by endorsing a note, seeks to avoid liability by reason of some slight alteration of the instrument. In considering such a case, where the alteration consisted of substituting in place of the business name of a partnership the names of the partners as payee, this court, in *Arnold* v. *Jones*, 2 R. I. 345, holding that the surety was not discharged, said: "Alteration in instruments are deemed immaterial, where neither the rights nor interests, duties nor obligations of either of the parties are in any manner affected or changed."

The plaintiff's exception to the direction of a verdict for the defendant is sustained. The defendant may, if he shall see fit, appear on April 5, 1926, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff for $350 and interest thereon from the date of the writ.

*Rosenfeld & Hagan, C. Bird Keach,* for plaintiff.
*Edward M. Sullivan, John J. Sullivan,* for defendant.